**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim. No. 12-351** |
| | : | |
| **RANDOLPH MILLER** | : | |

## O R D E R

On October 29, 2014, Defendant Randolph Miller pleaded guilty to one count of conspiracy to distribute PCP and four counts of distribution of PCP, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (Doc. No 152.)  The Government and Defendant agreed to an eighty-month term of imprisonment and that either party could withdraw from the (C) agreement if I rejected it.  (Id.)

At sentencing, Probation concluded that Defendant's base offense level was 14, subject to both a two-level gun-possession enhancement and a two-level enhancement for distribution in a school zone—leaving Defendant with an adjusted offense level of 18.  Probation further concluded that Defendant was a career offender with a Category VI criminal history, and his offense level was increased to 34 under the Career Offender Guidelines.  See U.S.S.G. § 4B1.1. With a three-level reduction for acceptance of responsibility, Probation concluded Defendant's total offense level was 31 and his Guidelines range was 188 to 235 months.  Significantly, none of this information regarding Defendant's criminal history category or his applicable Guidelines range was included in the Parties' (C) plea agreement.  (Doc. No. 152.)

 Defendant raised no objections to the PSR and, at the January 30, 2015 sentencing hearing, I adopted Probation's findings, accepted the Parties' recommendation, and sentenced Defendant to eighty months imprisonment.  (Doc. Nos. 166, 169.)

On September 3, 2015, Defendant moved *pro se* for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782. (Doc. No. 182.)   The Government responded on September 18, 2015.  (Doc. No. 184.) Because Defendant was sentenced pursuant to a (C) plea agreement that does not include an express reference to his criminal history category or Guidelines range, he is ineligible for a sentence reduction. 18 U.S.C. § 3582(c)(2); United States v. Weatherspoon, 696 F.3d 416, 424 (3d Cir. 2012).

Section 3582(c)(2) allows a court to reduce a defendant's sentence only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  I am thus authorized to reduce a defendant's sentence only if the following three requirements are met:  (1) the Sentencing Commission must have amended the Guidelines and applied that amendment retroactively; (2) the sentence must have been "based on" that since-amended Guidelines range; and (3) the requested reduction must be consistent with the Sentencing Commission's policy statement.   United States v. Blewett, 746 F.3d 647 (6th Cir. 2013) (en banc) (Moore, J., concurring in the judgment) (listing the § 3582(c)(2) requirements), cert. denied, 134 S. Ct. 1779 (2014).

Defendant cannot satisfy these requirements.   To the extent Defendant argues he is entitled to a sentence reduction because he was sentenced pursuant to a (C) plea that was "based on" the Guidelines, this argument is foreclosed by Freeman v. United States. 131 S. Ct. 2685 (2011) (plurality) (discussing sentence-reduction motions in the (C) plea context); Weatherspoon, 696 F.3d at 424 (same).

2

"[I]f a (C) agreement *expressly* uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." Freeman, 131 S. Ct. at 2695 (Sotomayor, J., concurring in the judgment) (emphasis added); see United States v. Thompson, 682 F.3d 285, 290 (3d Cir. 2012) ("We therefore conclude, as has every other circuit to consider the question, that, because Justice Sotomayor's opinion [in Freeman] is narrower than Justice Kennedy's, it expresses the holding of the Court.").  Here, there is nothing in the plea agreement that expressly refers to Defendant's Guidelines range, offense level, or criminal history category to establish the Parties' agreed upon eighty-month term of imprisonment. Weatherspoon, 696 F.3d at 424 (affirming denial of sentence-reduction motion, after confining "analysis solely to the four corners of the plea agreement," because the "agreement does not 'make clear' that the foundation of [Defendant's] sentence was the Guidelines, because the agreement does not in any way identify or rely on [his] Guidelines range");  (Doc. No. 152.) Because Defendant's plea "agreement does not explicitly state his Guidelines range, or his offense level and criminal history category," his sentence was not "based on" the Guidelines. Weatherspoon, 696 F.3d at 424.  Accordingly, Defendant is ineligible for a sentence reduction. See 18 U.S.C. § 3582(c)(2).

**AND NOW**, this 5th day of January, 2016, upon consideration of Defendant's *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782 (Doc. No. 182), and the Government's Response (Doc. 184), it is hereby **ORDERED** that Defendant's Motion is **DENIED.**

          **AND IT IS SO ORDERED.**

          */s/ Paul S. Diamond*
          _____
          Paul S. Diamond, J.